UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL
813 I.B.T PENSION TRUST FUND, AND
THE LOCAL 813 AND LOCAL 1034
SEVERANCE TRUST FUND,

                Plaintiffs,                04 CV 1761 (SJ)

   -against-                          **ORDER**

BAY AREA PORTABLES, INC.,

                Defendant.
----------------------------------------------------X

A P P E A R A N C E S:

FINKEL GOLDSTEIN BERZOW
ROSENBLOOM & NASH, LLP
26 Broadway, Suite 711
New York, NY 10004
By:    Arthur A. Hirschler, Esq.
Attorney for Plaintiffs

JOHNSON, Senior District Judge:

       On April 22, 2005, this Court ordered default judgment in favor of the plaintiffs, Trustees of the Local 813 I.B.T. Insurance Trust Fund, the Local 813 I.B.T. Pension Trust Fund, and the Local 813 and Local 1034 Severance Trust Fund ("Plaintiffs"), and referred the matter of damages to Magistrate Judge Steven M. Gold. On June 14, 2005, Judge Gold directed Plaintiffs to make submissions in support of the damages they sought no later than July 5, 2005. Plaintiffs failed to comply with that request.

       On September 6, 2005, Judge Gold issued a Report and Recommendation to the

Court (the "Initial Report"), recommending Plaintiffs' motion for damages be denied based on their failure to provide the requisite evidence to support their request for damages. The parties then had until September 21, 2005, to file any objections to Judge Gold's Initial Report. Neither party filed any objections within the allotted time period.

On September 26, 2005, Arthur A. Hirschler, Esq., counsel for Plaintiffs ("Plaintiffs' Counsel"), indicated via telephone to the Court that Plaintiffs planned finally to submit documentation on the issue of damages. Plaintiffs then filed such material with the Court on September 28, 2005, with a request for reconsideration of the amount of damages.

On October 14, 2005, the Court again referred the issue of damages to Judge Gold and asked him to submit another Report and Recommendation (the "Revised Report") on the matter. Judge Gold, on April 12, 2006, filed the Revised Report, providing the parties until April 28, 2006, to submit any objections. No objections were filed.

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a *de novo* or any

other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Upon review, this Court adopts and affirms the Revised Report in its entirety. The Clerk of Court is directed to enter a final judgment in favor of Plaintiffs for $15,323.16, comprised of unpaid contributions totaling $11,783.00, interest in the amount of $1,056.16, liquidated damages in the amount of $2,334.00, and costs and fees in the amount of $150.00. The Clerk of the Court is further directed to close the case.

SO ORDERED.

Dated: May 1, 2006
       Brooklyn, New York

                                             Senior U.S.D.J.